IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Weldon Eugene Holtzclaw, Jr.,      )      C/A No. 6:25-cv-09896-DCC
                                   )
            Plaintiff,             )
                                   )
v.                                 )      **ORDER**
                                   )
South Carolina Judicial System,    )
                                   )
            Defendant.             )
_____ )

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On December 5, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend.  ECF No. 10.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections, three letters, and a motion to amend.  ECF Nos. 12, 14, 15, 16, 17.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Because Plaintiff filed objections, the Court's review has been de novo.  Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge.[1]

The Magistrate Judge recommends dismissal of the present action because Plaintiff's claim that he is entitled to bond is subject to res judicata, Plaintiff has not sued a person under 42 U.S.C. § 1983, he has failed to allege a plausible claim for relief, the judges mentioned by Plaintiff are entitled to judicial immunity, and the complaint is frivolous.

---

[1] To the extent any allegations or statements in Plaintiff's letters or motion to amend should be considered as objections, the Court has done so.

In his objections and letters Plaintiff makes disparaging comments about Judge McDonald and the undersigned and complains about a state court proceeding.  He also discusses his various judicial grievances.  Upon de novo review, the Court adopts and incorporates the Magistrate Judge's well-reasoned discussion explaining why this action is subject to summary dismissal.

To the extent any of Plaintiff's allegations should be construed as a request for recusal of the undersigned, that request is denied.  Recusal of federal judges is generally governed by 28 U.S.C. § 455.  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).  It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases.  However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

With respect to Plaintiff's motion to amend, the Court finds that it should be denied pursuant to Federal Rule of Civil Procedure 15.  Plaintiff asserts claims against various

judges and solicitors who are all entitled to immunity.  He also makes new allegations unrelated to the subject of his initial complaint or the named Defendant.  Accordingly,  the motion is denied as futile.

## CONCLUSION

Accordingly, the Court agrees with the Report of the Magistrate Judge.  This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.  The motion to amend [15] is **DENIED**.

Plaintiff has established himself as a frequent filer in this Court.  Therefore, any further filings in this case will be reviewed but will not receive a response unless one is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 10, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.